IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURFSIDE NON-SURGICAL ORTHOPEDICS, P.A., individually and on behalf of all others similarly-situated, | )<br>)<br>)<br>) |
| *Plaintiff*, | )<br>) |
| v. | ) Case No.: 1:18-cv-00566 |
| | ) |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., | ) Hon. Sara L. Ellis<br>)<br>) Hon. Jeffrey Cole, Magistrate |
| *Defendant*. | ) |

## DEFENDANT'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT

Comes now Allscripts Healthcare Solutions, Inc. ("Defendant" or "INC."), by and through counsel, and moves to dismiss the entirety of Plaintiff's Class Action Complaint (Dkt. 1) pursuant to Federal Rules of Civil Procedure 12(b)(1),12(b)(6), and 9(b).

The reasons requiring dismissal are set forth in detail in Defendant's Memorandum in Support of its Motion to Dismiss the Class Action Complaint. In brief, they are as follows:

    1. First, the case must be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiff lacks standing and to sue INC., and thus, this Court lacks subject-matter jurisdiction. The gravamen of Plaintiff's complaint is that it contracted for Healthcare IT Solutions, and its use of those solutions was temporarily interrupted when unknown criminals perpetrated a zero-day Ransomware Attack against servers in North Carolina. But INC. is not the company with which Plaintiff contracted for Healthcare IT Solutions. Rather, INC. is a non-operational holding company with *no* operations, no employees, no computers, no products, and no customers. INC. is the tertiary parent of another company, Allscripts Healthcare, LLC ("LLC"). LLC is the

operating company that markets and sells Healthcare IT Solutions. It is the entity with which Plaintiff contracted—a contract that, notably, limits the potential for any recovery and provides LLC with a contractual right to demand individual arbitration. LLC, not INC., is also the entity that provided Healthcare IT Solutions, had custody of and managed cybersecurity for the computers affected by the Attack, remediated the Attack, and communicated with Plaintiff regarding the Attack. In other words, INC. had nothing to do with the challenged events and could not possibly have harmed Plaintiff (assuming it was harmed at all). Moreover, there is no basis in law or fact to pierce the corporate veil and hold INC. responsible for the alleged actions of its subsidiary. Plaintiff's alleged injuries are therefore not "fairly traceable to the challenged action of the defendant," but rather "the result of the independent action of some third party not before the court," and further no claimed injury is likely to be redressed by a favorable judicial decision. Plaintiff therefore lacks standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted and emphasis added).

  2. Second, Plaintiff should be directed to bring its claims against the proper entity in the proper forum. Plaintiff has likely elected to proceed against INC., rather than LLC, in an attempt to avoid the terms of its contract with LLC. Under those terms, the proper forum for all of the claims at issue here is confidential individual arbitration. Plaintiff should not be permitted to "avoid arbitration by dint of artful pleading." *Combined Energies v. CCI, Inc.*, 514 F.3d 168, 172 (1st Cir. 2008); *see also Chelsea Family Pharmacy, PLLC v. Medco Health Sols., Inc.*, 567 F.3d 1191, 1198 (10th Cir. 2009); *R.J. Griffin & Co. v. Beach Club II Homeowners Ass'n*, 384 F.3d 157, 164 (4th Cir. 2004). Nor should Plaintiff be permitted to avoid the other agreed terms of its contract, which foreclose the recovery it now seeks.

3. Finally, the case must be dismissed under Fed. R. Civ. P. 12(b)(6) and 9(b) for failure to state a claim. Plaintiff's claim for breach of contract fails because its contract is with LLC, not INC. Plaintiff's negligence claims are barred by the economic loss rule and because Plaintiff fails to plead proximate causation. Plaintiff's Illinois statutory claims fail both because Illinois law cannot constitutionally apply to events occurring entirely outside Illinois and because Plaintiff fails to adequately plead fraud under the heightened standard of Rule 9(b). Finally, Plaintiff cannot bring a claim for unjust enrichment because the conduct at issue here was governed by an express contract.

For the reasons set forth here and as further delineated in Defendant's supporting Memorandum, filed contemporaneously herewith, Defendant respectfully requests that the Court dismiss the complaint in its entirety, and with prejudice.

Dated:  June 25, 2018

                                    Respectfully submitted,

                                    By:  /s/ Livia M. Kiser

**SIDLEY AUSTIN LLP**
Livia M. Kiser
lkiser@sidley.com
Geeta Malhotra
gmalhotra@sidley.com
Kathleen E. Garvey
kgarvey@sidley.com
One South Dearborn Street
Chicago, IL  60603
P:  (312) 853-7000
F:  (312) 853-7036

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that on June 25, 2018, she served the foregoing Motion to Dismiss on all counsel of record via the Court's ECF filing system.

                                     By:    */s/ Livia M. Kiser*
                                                   Livia M. Kiser