IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SURFSIDE NON-SURGICAL ORTHOPEDICS, P.A., individually and on behalf of all others similarly-situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:18-cv-00566 |
| v. | ) ) ) | Hon. Sara Ellis |
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., | ) ) ) ) | Hon. Jeffrey Cole, Magistrate |
| Defendant. | ) | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DEFER [DOC. #36]**

Plaintiff, Surfside Non-Surgical Orthopedics, P.A., through its counsel, objects[1] to Defendant's Motion to Defer Time to File an Answer and Stay Discovery [Doc. #36], and in support thereof, states as follows:

1. Plaintiff and Defendant have conferred on this matter, and several others. Plaintiff contends that Defendant is a proper party in this matter, and Defendant contends the opposite.

2. Limited jurisdictional discovery is underway; however, the adequacy of Defendant's answers remains in dispute, has been the subject of conferral between the parties, and is expected to be the subject of a motion to compel (though not presently before this court). A deposition adduced testimony that both parties consider useful for their respective positions.

3. Plaintiff understands Defendant's position that it was not responsible for anything related to the ransomware attack and its fallout. Plaintiff opposes that position and contends that Defendant INC. indeed was a stakeholder and participant, and, accordingly, Defendant INC.'s acts and/or omissions affected the circumstances that gave rise to the attack and its fall-out.

---

[1] Plaintiff's objection corresponds, by paragraph number, to the paragraphs in Defendant's motion.

4. Several factual disputes remain between the parties. Disputes conceivably exist as to the applicable legal standard as well. Both facts and applicable law cause Defendant INC. to be a cause of the attack at issue.

5. Plaintiff neither needs, nor intends to, pierce a corporate veil in connection with establishing liability against Defendant INC. Nor does Plaintiff accept that Delaware law applies. The parties have not discussed that issue, and it is not presently before the Court. That said, Plaintiff contends that Illinois law applies.

6. Plaintiff accepts that Delaware courts do not easily pierce a corporate veil; however, that law, and the notion of piercing a corporate veil, are not at issue in this case. Plaintiff need not pierce a corporate veil to attribute liability against Defendant INC.

7. Plaintiff has standing to sue Defendant INC., because Defendant INC. is a cause of and a direct participant in Plaintiff's injury. *See, e.g. Forsyth v. Clark USA, Inc.*, 224 Ill.2d 274, 299 (2007). Moreover, evidence exists to support Plaintiff's theory of liability against Defendant INC.

8. Plaintiff is the master of its complaint and has elected to proceed with a viable theory against Defendant INC. A viable theory against one defendant does not perforce negate a viable theory against any other defendant. Disputed between the parties, but supported by fact and law, is that INC. is no stranger or mere passer-by to the operations of LLC.

9. During the parties' most recent meet and confer on June 18, 2018, Plaintiff's counsel asked Defense counsel if there existed any fact that Plaintiff could plead so as to cause Defendant INC. to accept that INC. is a proper party. Defendant INC.'s counsel indicated that no such fact existed. Notably, there is no need for, and no applicability of, a corporate veil piercing for liability to attach to Defendant INC.

10. Plaintiff contends that both an answer by Defendant INC. in this matter and standard discovery encompassed by the MIDPP are appropriate. More specifically, in the meet and confer, Plaintiff clarified that a motion to dismiss, even for an alleged lack of subject matter jurisdiction, is not a basis for deferral. Plaintiff acknowledges that the Court may enter an Order allowing for deferral. Nonetheless, the purpose of the MIDPP is better fulfilled by causing the parties in this case to participate in the pilot program without deferral or modification.

11. Plaintiff opposes the motion because good cause has not been shown, as required by the General Order [Standing Order Regarding Mandatory Initial Discovery Pilot Project, ¶ 3; Mandatory Initial Discovery Pilot Project Checklist, p. 1]. More importantly, in actuality, the parties and the Court are better served by continued application of the MIDPP. The pilot program causes parties to disclose both favorable and unfavorable information, as well as to consider the case from the perspective of the opponent. Where the voluntary discovery in this case has proven unproductive, the pilot program discovery is likely to assist the parties and the Court. Factual disputes may resolve or lessen. The program's goal to promote justice, reduce costs, and expedite the fair resolution of claims is satisfied and its intention to "promote civility [and] demote gamesmanship" is also well-placed.[2]

Dated: June 27, 2018

Respectfully submitted,

/s/ Shannon M. McNulty
ROBERT A. CLIFFORD
rac@cliffordlaw.com
SHANNON M. MCNULTY
smm@cliffordlaw.com
**CLIFFORD LAW OFFICES**

---

[2] From the transcript of a video available at www.fjc.gov/content/321101/midppintroduction-video and www.fedbarchicago.org/webinar-mandatory-initial-discovery-pilot-project.09-11-17.pdf.

3

120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
Telephone: (312) 899-9090

JOHN A. YANCHUNIS
Florida Bar No. 324681
jyanchunis@ForThePeople.com
**MORGAN & MORGAN
COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402

STEVEN TEPPLER
Illinois Bar Number 6301438
steppler@abbottlawpa.com
BRITTANY FORD
Florida Bar No. 0117718
**ABBOTT LAW GROUP, P.A.**
2929 Plummer Cove Road
Jacksonville, FL  32223
Telephone: (904) 292-1111
Facsimile: (904) 292-1220

JOEL R. RHINE
North Carolina Bar Number 16028
jrr@rhinelawfirm.com
**RHINE LAW FIRM, PC**
1612 Military Cutoff Road, Suite 300
Wilmington, NC 28403
Telephone: (910) 772-9960
Facsimile: (910) 772-9062

Counsel for Plaintiff